UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 9762 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| THE CITY OF CHICAGO, ) | |
| UNKNOWN OFFICERS ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court denies Defendant City of Chicago's motion to dismiss [24] without prejudice. See Statement for further details.

## STATEMENT

After unknown Chicago Police Officers (the "Unknown Officers") pulled him over on or about October 31, 2013, Joseph Ryan was ultimately charged with misdemeanor possession of a firearm and spent 23 days in jail. Once the charges were dismissed, Ryan filed suit against Defendants City of Chicago (the "City") and the Unknown Officers alleging malicious prosecution,[1] unlawful search and seizure, excessive force, and failure to intervene pursuant to 42 U.S.C. § 1983, in addition to seeking indemnification against the City for any judgment entered against the Unknown Officers. The City has filed a motion to dismiss, arguing that the statute of limitations has run on the claims against the Unknown Officers, leaving no claim against the City.

The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint). Section 1983 claims are governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); 735 Ill. Comp. Stat. 5/13-202.

---

[1] The Seventh Circuit currently does not recognize federal malicious prosecution claims unless the state does not provide an adequate remedy, which Illinois does. *See Llovet v. City of Chicago*, 761 F.3d 759, 760 (7th Cir. 2014). The issue is pending before the Supreme Court in *Manuel v. City of Joliet*, 590 F. App'x 641 (7th Cir. 2015), *cert. granted*, --- U.S. ----, 136 S. Ct. 890, 193 L. Ed. 2d 783 (2016).

Although the statute of limitations is borrowed from state law, federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, § 1983 claims accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Ryan's claims for excessive force, unlawful search and seizure, and failure to intervene accrued immediately, *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010), while any claim for false arrest accrued when Ryan was bound over by a magistrate or arraigned on charges, *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).[2]

Ryan alleges the Unknown Officers searched and arrested him on October 31, 2013. According to the certified statement of disposition, a judge found probable cause to detain him on November 1, 2013. Doc. 24-1 at 2. Ryan filed his initial complaint on November 1, 2015. At this point, the statute of limitations has run on Ryan's claims. Any amendment to name the Unknown Officers is timely only if it relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C).

Rule 15(c)(1)(C) provides that a claim asserted against a newly identified defendant relates back if:

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The City argues that no amendment naming the Unknown Officers could relate back to the filing of Ryan's complaint, relying on long-standing Seventh Circuit precedent holding that the naming of John Doe defendants does not stop the statute of limitations and that a plaintiff's lack of knowledge does not constitute a mistake for purposes of relation back. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (complaint did not relate back where plaintiff lacked knowledge of proper party within limitations period); *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978) (naming of "John Doe" defendants in a complaint does not toll the statute of limitations until named defendants are substituted as parties under Rule 15(c)). After the Supreme Court's decision in *Krupski v. Costa Cruciere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), however, the focus of the relation back inquiry has shifted away from the plaintiff's to the defendant's knowledge, with the plaintiff's knowledge "relevant only if it bears on the defendant's understanding of whether

---

[2] Because the Seventh Circuit does not currently recognize a federal malicious prosecution claim, the law surrounding the appropriate statute of limitations for such a claim is unsettled. If the Seventh Circuit or Supreme Court were to recognize such a claim, however, it would accrue when criminal proceedings terminate in the plaintiff's favor. *Manuel*, 590 F. App'x at 642. Here, the charges against Ryan were dismissed on November 19, 2013. Doc. 24-1 at 2.

the plaintiff made a mistake regarding the proper party's identity."[3]  *Id.* at 548; *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011) (addressing inquiry under *Krupski* and noting that "carelessness is no longer a ground independent of prejudice for refusing to allow relation back").  Although some courts in this district continue to apply the John Doe rule, an increasing number "have acknowledged a doctrinal change in the law of relation back occasioned by *Krupski* even as applied in the John Doe context."[4]  *White*, 2016 WL 4270152, at *17–18 (collecting cases but siding with principles articulated in *Krupski* to consider "whether there is any basis in the record for saying that the Individual Defendants could have legitimately believed that the limitations period had passed without any attempt to sue them"); *see also Cheatham v. City of Chicago*, No. 16-cv-3015, 2016 WL 6217091, at *2–3 (N.D. Ill. Oct. 25, 2016) (finding relation back proper even though plaintiff identified John Doe defendant after the statute of limitations had run, finding that *Krupski* changed the inquiry to focus on the defendant's instead of the plaintiff's knowledge); *Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016) (rejecting traditional John Doe rule in favor of focus on defendant's knowledge, as outlined in *White*).  Because these developments require the Court to consider what the Unknown Officers knew concerning Ryan's suit, the Court denies the City's motion at this time and awaits Ryan's identification of the Unknown Officers and a more developed record before making a determination on the statute of limitations issues raised here.[5]

Date:  November 7, 2016 /s/ Sara L. Ellis

---

[3] The Supreme Court did indicate that an amendment would not relate back if a plaintiff made a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties," which the Supreme Court described as "the antithesis of making a mistake concerning the proper party's identity."  *Krupski*, 560 U.S. at 549.  Here, the City does not argue that Ryan deliberately chose to sue one party over another; indeed, his "naming of a John Doe police officer shows the opposite—a clear intent to sue the [individuals] who he believes" violated his constitutional rights.  *White v. City of Chicago*, No. 14 cv 3720, 2016 WL 4270152, at *18 (N.D. Ill. Aug. 15, 2016)

[4] The Court acknowledges that, in a similar situation, it previously applied the John Doe rule post-*Krupski*.  *See Vandenburgh v. Ogden*, No. 15 C 6191, 2016 WL 403663, at *3–4 (N.D. Ill. Feb. 3, 2016).

[5] Some courts have equated the deliberate choice not to sue with the deliberate choice not to discover a defendant's identity.  *See Dandridge v. Cook County*, No. 12-cv-5458, 2013 WL 3421834, at *4–5 (N.D. Ill. July 8, 2013) (distinguishing *Krupski* and finding relation back improper where plaintiff filed complaint naming John Doe defendants immediately before statute of limitations ran on some of her claims); *Fleece v. Volvo Constr. Equip. Korea, Ltd.*, No. 10 CV 4496, 2012 WL 171329, at *4 (N.D. Ill. Jan 20, 2012) ("Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired.").  Although the City may argue that Ryan chose not to determine the Unknown Officers' identities prior to the expiration of the statute of limitations, the Court declines to reach that conclusion based solely on the complaint, particularly where Ryan raises an argument concerning the difficulty of discovering the officers' identities in his response and the statute of limitations is an affirmative defense.  *See Karney*, 2016 WL 6082354, at *9 (noting that the court could not determine from the pleadings whether the plaintiff had been diligent in seeking the defendant's identity, making a ruling on relation back premature).