# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH RYAN, | ) |
| | ) No. 15 C 9762 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| CITY OF CHICAGO, R.L. | ) |
| MIONSKOWSKI, H. LOPEZ, and | ) |
| J. MELENDEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In his third amended complaint, plaintiff asserts 42 U.S.C. § 1983 claims against Chicago police officers R.L. Mionskowski, H. Lopez, and J. Melendez for their alleged violations of his Fourth and Fifth Amendment rights and a state law claim for indemnification against the City. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss all of the claims. For the reasons set forth below, the motion is denied.

## Facts

On October 31, 2013, plaintiff was driving his car in Chicago and was stopped by defendants Mionskowski and Lopez. (3d Am. Compl. ¶¶ 9-12.) Mionskowski and Lopez then took plaintiff out of his car, handcuffed him and searched him and his car. (*Id.* ¶ 13.) Subsequently, Mionskowski and Lopez took plaintiff to a police station, and along with Melendez, performed a strip search and body cavity search on plaintiff. (*Id.* ¶¶ 16-20.) Defendants then sent plaintiff to Cook County Jail, where he stayed for the next twenty-three days. (*Id.* ¶ 21.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Defendants contend that plaintiff's § 1983 claims are time-barred. The statute of limitations for § 1983 claims filed in Illinois is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Generally, "[a] § 1983 claim accrues 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993)). Thus, plaintiff's section 1983 claims for excessive force, unlawful searches, and Fifth Amendment retaliation accrue at the time the use of force, search or retaliatory action occurs, in this case on October 31, 2013. (*See* 3d Am. Compl. ¶¶ 9-20); s*ee also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("The [Supreme] Court [in *Wallace v. Kato*, 549 U.S. 384 (2007)] held that a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim -- accrues immediately.") (citation omitted). A section 1983 claim for false arrest accrues at the time a probable cause determination is made, *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013), in this case, November 1, 2013. (*See* Defs.' Mot. Dismiss Compl., Ex.

1, Certified Statement of Conviction/Disposition, Dkt. 24-1.)[1] Thus, plaintiff had until November 2, 2015[2] to timely file his § 1983 claims.

Plaintiff filed his original complaint, naming the City of Chicago and "Unknown Chicago Police Officers" as defendants, on November 1, 2015. He did not identify the officers by name until he filed his third amended complaint on April 18, 2017 – more than three years after the events that gave rise to this suit. As a result, plaintiff's claims against the officers are timely only if they relate back to his original complaint.

According to Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading" if "the amendment changes the party or the naming of the party against whom a claim is asserted" and "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Defendants argue that plaintiff's claims do not relate back to his initial complaint because plaintiff did not mistakenly sue the wrong officers, he lacked knowledge of defendants' identities, and such lack of knowledge does not constitute a mistake within the meaning of Rule 15. *See, e.g., King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) ("[I]t is . . . well established that Rule 15(c)(3) does not permit relation back where there is a lack of knowledge of the proper party.") (quotations and alteration omitted).

---

[1] "[A] district court [can] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

[2] November 1, 2015 was a Sunday.

This is not the first time, however, that the Court has addressed this argument. The City argued precisely the same thing in support of its motion to dismiss the original complaint (*see* City's Mot. Dismiss Pl.'s Compl., Dkt. 24), and Judge Ellis rejected the argument:

> . . . . The City argues that no amendment naming the Unknown Officers could relate back to the filing of Ryan's complaint, relying on long-standing Seventh Circuit precedent holding that . . . a plaintiff's lack of knowledge does not constitute a mistake for purposes of relation back. After the Supreme Court's decision in *Krupski v. Costa Cruciere, S.p.A.*, 560 U.S 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), however, the focus of relation back inquiry has shifted away from the plaintiff's to the defendant's knowledge, with the plaintiff's knowledge "relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. Although some courts in this district continue to apply the John Doe rule, an increasing number have acknowledged a doctrinal change in the law of relation back occasioned by *Krupski* even as applied in the John Doe context. Because these developments require the Court to consider what Unknown Officers knew concerning Ryan's suit, the Court denies the City's motion at this time and awaits Ryan's identification of the Unknown Officers and a more developed record before making a determination on the statute of limitations issues raised here.

(11/7/16 Order, Dkt. 34 at 2-3) (quotations, citations, and footnotes omitted). Judge Ellis's decision on this issue is law of the case, which the Court has no reason to disturb. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit.").

Defendants also contend that plaintiff's Fifth Amendment retaliation claim should be dismissed because Judge Ellis "ordered Plaintiff . . . to remove the Fifth Amendment Claim on or before June 14, 2017." (Defs.' Mot. Dismiss Pl.'s 3d Am. Compl., Dkt. 103 at 3.) In fact, Judge Ellis said plaintiff's Fifth Amendment claim, as pleaded in the original complaint, was flawed and gave him leave to amend it, which plaintiff has now done. (*See id.*, Ex. B, 5/31/17 Hr'g Tr. at 4-5.) Because defendants do not make any substantive arguments for dismissing the Fifth

Amendment retaliation claim plaintiff now pleads, the Court denies their motion to dismiss that claim.[3]

**Conclusion**

For the reasons set forth above, the Court denies defendants' motion to dismiss [103].

**SO ORDERED.**            **ENTERED:** September 8, 2017

**M. David Weisman**
**United States Magistrate Judge**

---

[3] Because plaintiff's claims against the officers survive, his indemnification claim against the City, which is derivative of those claims, survives as well.