IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RYAN | ) | No. 15 CV 9762 |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Weisman |
| THE CITY OF CHICAGO, UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MEMORANDUM
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants City of Chicago, (hereinafter "Defendant City") and Officer Ralph Mionskowksi, Detective Herman Lopez, and Detention Aide John Melendez, (hereinafter "Defendant Officers") (collectively "Defendants"), by one of their attorneys, Jessica L. Griff, Assistant Corporation Counsel, hereby submit this memorandum of law in support of their motion for summary judgment (Dkt. No. 126) and state as follows:[1]

### INTRODUCTION

Defendants are entitled to summary judgment on all claims. Summary judgment is appropriate for Defendant Officers because Plaintiff failed to name these individuals as parties to this action within the statute of limitations and the evidence in the record makes clear that Plaintiff's Third Amended Complaint does not relate back to the original filing date of this civil action. Defendant City is entitled to summary judgment in its favor as a matter of law because the claims against the Defendant Officers fail and Plaintiff cannot sustain his federal claims

---

[1] Defendants assert that these facts are undisputed only for the purpose of their motion for summary judgment.

against the City alone. Therefore, this Court should grant Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 503 (7th Cir. 2010) (citing Fed. R. Civ. P. 56(c)(2)). Once the moving party has met its initial burden of explaining the basis for summary judgment, the burden shifts to the non-moving party, who cannot "rest upon the mere allegations or denials of the adverse party's pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *Accord, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

The United States Supreme Court has held that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." *Green v. Whiteco Industries, Inc.*, 17 F. 3d 199, 201 (7th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## STATEMENT OF FACTS

On November 1, 2015, Plaintiff filed his original complaint against the City of Chicago and "Unknown Chicago Police Officers". *See* Defendants' Local Rule 56.1 Statement of Undisputed Material Fact ("SOF") ¶ 2. Plaintiff's original complaint alleged that on October 31, 2013, unknown officers unlawfully seized Plaintiff, unlawfully searched both Plaintiff and his vehicle, used excessive force, and caused his malicious prosecution. *Id.* Plaintiff's original complaint, filed on the date that the statute of limitations expired, did not name Defendant Officers. SOF ¶¶ 2, 8. On April 18, 2017, Plaintiff filed his Second Amended Complaint ("SAC"), naming Defendants Mionskowski, Lopez, and Melendez for the very first time. SOF ¶ 8. Plaintiff did not effectuate service of the Second Amended Complaint on Defendant Officers. SOF ¶ 41. Then, on June 14, 2017, more than 17 months after the relevant statute of limitations expired, Plaintiff filed his Third Amended Complaint ("TAC"). SOF ¶ 9. Defendant Officers did not learn about this case before the statute of limitations ran. SOF ¶¶ 20, 30. Defendants Mionskowski and Lopez first learned about this civil action in December of 2016, 14 months after the statute of limitations expired. SOF ¶ 20. At that time, Defendant Officers were not named in the complaint. SOF ¶ 22. Defendant Melendez first learned that he was a defendant in this case on May 4, 2017, 18 months after the statute of limitations expired. SOF ¶ 38. Plaintiff's SAC only relates back to his original filing if the Defendant Officers knew of Plaintiff's lawsuit arising from his October 31, 2013 arrest before the statute of limitations ran. *See* SOF ¶¶ 24–28, 30, 33–39.

**ARGUMENT**

**I. PLAINTIFF'S CLAIMS AGAINST DEFENDANT OFFICERS ARE UNTIMELY AND SHOULD THEREFORE BE DISMISSED.**

Here, all claims against Defendant Officers are time-barred as Plaintiff did not file his SAC naming Defendant Officers until April 18, 2017, over 17 months after the statute of

3

limitations expired. The undisputed evidence in this case shows that Defendant Officers had no knowledge of Plaintiff's cause of action within the statute of limitations and therefore, Plaintiff's SAC does not relate back to the time of his original filing.

### A. Plaintiff's federal claims against Defendant Officers are past the two-year statute of limitations period and thus, fail as a matter of law.

The statute of limitations for § 1983 claims is the state law statute of limitations for personal injury claims. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (*per curiam*). In Illinois, the applicable statute of limitations for §1983 claims is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992), *cert. denied* 506 U.S. 1084 (1993)). The Seventh Circuit has consistently followed the two-year statute of limitation period set forth in 735 ILCS § 5/13-202 for § 1983 claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The general rule is that a § 1983 claim accrues when plaintiff knows or should know that a constitutional violation has occurred. *Behavioral Inst. Of Indiana, LLC v. Hobart City of Common Council*, 406 F. 3d 926, 929 (7th Cir. 2005) (citations omitted). According to Plaintiff's SAC and TAC, his claims against the Defendant Officers occurred on October 31, 2013. SOF ¶¶ 7, 9. It is undisputed that the statute of limitations for Plaintiff's § 1983 claims expired on November 1, 2015. SOF ¶ 3. Plaintiff did not name Defendant Officers until April 18, 2017—17 months after the statute of limitations for his § 1983 expired. SOF ¶ 8. Thus, Plaintiff's claims fail as a matter of law. *Kelly v. City of Chicago*, 4 F.3d 509 (7th Cir. 1993).

### II. PLAINTIFF'S COMPLAINT CANNOT RELATE BACK TO THE DATE OF THE ORIGINAL FILING OF THIS CIVIL LAWSUIT.

In order to survive summary judgment, Plaintiff must establish that his SAC naming the Defendant Officers relates back the date of the filing of his original complaint. SOF ¶ 4.

Plaintiff's claims do not relate back; therefore, all of Plaintiff's claims fail as a matter of law. Plaintiff's untimely amendment adding Defendant Officers as parties cannot relate back to his original pleadings because (1) the naming of a "John Doe" defendant in the complaint *does not* toll the statute of limitations until such time as a named defendant may be substituted; (2) Plaintiff did not make a mistake concerning the identity of a party; (3) Defendant Officers did not have knowledge that they should be named as individual defendants in this matter before the statute of limitations expired; and (4) Defendant Officers' ability to defend themselves is severely impaired by Plaintiff's undue delay.

### A. Relation back is not permitted in this circumstance.

Any amendment to name the "Unknown Officers" is timely only if it relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). FED.R.CIV.P. 15 (c)(1)(C); *see also* SOF ¶ 4. Rule 15(c)(1)(C) provides that a claim asserted against a newly identified defendant relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted…*if within the period provided by Rule 4(M)* for serving the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending the action on the merits; *and* (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

FED. R. CIV. P. 15(c)(1)(C) (emphasis added). "[Rule 15(c)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Contra Crociere S.P.A.*, 560 U.S. 538, 553 (2010) (citing Rule 15(c)(1) "An amendment . . . *relates back* . . . when" the three listed requirements are met) (emphasis added)). Here, Plaintiff fails to meet each of the three requirements, and thus, his untimely amendment of Defendant Officers does not relate back as a matter of law.

5

Post-*Krupski*, the Seventh Circuit held:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a *mistake*, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011); *see also Haroon v. Talbott*, No. 16 C 4720, 2017 WL 4280980, at *8 (N.D. Ill. 2017) (Blakey, J.) (applying the two-part inquiry test post-*Krupski*). While the focus on the relation back doctrine has shifted towards the prospective defendants' knowledge post-*Krupski*, the plaintiff's knowledge is relevant "if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 560 U.S. at 538. The results of these permitted inquiries in this case make clear that Plaintiff's Second Amended Complaint cannot relate back to the date of his original complaint.

### i. Plaintiff failed to amend within the period provided by Rule 4(m).

In November 2015, Rule 4(m) stated that a defendant must be served within 120 days after the complaint is filed. FED.R.CIV. P. 4(m). Here, Plaintiff filed his original complaint against the City and "Unknown Officers" on November 1, 2015. SOF at ¶ 2. Thus, under the relation back doctrine, Plaintiff had until February 29, 2016 to amend his complaint to name the "Unknown Officers" and serve them. Plaintiff failed to do so, and did not amend his complaint to name Defendant Officers until April 18, 2017— an entire 14 months *after* the time limit expired under Rule 4(m). SOF at ¶¶ 7–8. Therefore, Plaintiff's filing is not saved by Rule 4(m).

### ii. Defendant Officers had no knowledge that Plaintiff intended to name them as parties to this litigation before the statute of limitations ran.

6

The undisputed facts show that Defendant Officers did not know, nor should they have known, that they were to be named in this lawsuit before the statute of limitations expired because Plaintiff filed his original complaint on the day the statute of limitations ran. SOF ¶ 2–3. Plaintiff's original complaint included only one named party: Defendant City. SOF ¶ 2. It was not until February 10, 2016— three months after the statute of limitations expired— that Defendant City was even served with the complaint. SOF ¶ 5. While the original complaint identified "unknown officers" as defendants to the civil action, Defendant Officers did not have knowledge of this lawsuit until over one year *after* the statute of limitations ran. SOF at ¶¶ 2, 24, 30. Accordingly, Defendant Officers could not have known, nor is there any reason to believe that they should have known, within the time prescribed by the statute of limitations that the Plaintiff was bringing a lawsuit against them. SOF ¶¶ 21–28, 31, 33–39. Moreover, it was not until March 4, 2016 that counsel for Defendant City filed their appearance in this civil action for the first time. SOF ¶ 6. Thus, likewise, there is no reason to believe Defendant Officers should have known within the time allotted by Rule 4(m) that Plaintiff sought to name them as defendants in this lawsuit.

### 1. Defendants Lopez and Mionskowski's knowledge.

Defendant Officers Lopez and Mionskowski were not aware that Plaintiff filed a lawsuit regarding his October 31, 2013 arrest until December of 2016. SOF ¶ 24. Specifically, Defendant Officers Lopez and Mionskowski learned of this lawsuit when they each separately received, for the first time, a notification to meet with Assistant Corporation Counsel Griff regarding this matter. SOF ¶ 20. At that the time, Defendants Lopez and Mionskowski were not named as parties to the litigation. *See* SOF ¶ 7–8, 22. Between the date of Plaintiff's October 31, 2013 arrest and December of 2016, Defendants Lopez and Mionskowski: (1) had no knowledge

7

Plaintiff was contemplating filing a lawsuit (SOF ¶ 25); (2) had no knowledge that Plaintiff filed a lawsuit on November 1, 2015 (SOF ¶ 24); (3) had no knowledge that Plaintiff intended to name them individually as parties (SOF ¶ 26); and (4) had no personal contact with Plaintiff since his October 31, 2013 arrest (SOF ¶¶ 27, 40). Accordingly, December of 2016, 14 months after the statute of limitations had run, was the very first time that Defendants Lopez and Mionskowski knew or should have known that "the plaintiff, had it not been for mistake, would have sued [them] instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 550–60. Therefore, Plaintiff's addition of Defendants Lopez and Mionskowski as parties in his SAC does not relate back and Defendants Lopez and Mionskowski are entitled to summary judgment on all claims in this civil action.

### 2. Defendant Melendez's knowledge.

May 4, 2017 is the earliest that Defendant Melendez "knew or should have known" that Plaintiff filed a lawsuit arising from his October 31, 2013 arrest and "the plaintiff, had it not been for mistake, would have sued [him] instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 550–60; SOF ¶ 30.

It was on May 4, 2017 that Defendant Melendez was notified to meet with Assistant Corporation Counsel Griff and learned for the very first time that Plaintiff filed a lawsuit related to his October 31, 2013 arrest and named in that lawsuit Defendant City, himself, and Defendants Lopez and Mionskowski. SOF ¶ 29–31. Between October 31, 2013 and May 4, 2017, Defendant Melendez: (1) had no knowledge that Plaintiff filed a lawsuit regarding his October 31, 2013 arrest (SOF ¶ 35); (2) had no knowledge that Plaintiff was contemplating filing a lawsuit (SOF ¶ 36); (3) had no knowledge that Plaintiff planned to name him as a party to the lawsuit (SOF ¶ 37); and (4) had no personal contact with Plaintiff since his October 31, 2013

8

arrest (SOF ¶ 40). Therefore, it was not until May 4, 2017, 19 months after the statute of limitations had run, that Defendant Melendez knew or should have known that Plaintiff intended to name him as a defendant in this lawsuit. SOF ¶ 30, 33–39. Therefore, Plaintiff's addition of Defendant Melendez as a party in his SAC does not relate back and Defendant Melendez is entitled to summary judgment on all claims in this civil action.

### iii. Plaintiff's lack of knowledge does not constitute a mistake.

In this case, Plaintiff's original complaint did not name Defendant Officers, but, rather, named the City and "Unknown Officers." SOF ¶ 2. The record is devoid of any evidence whatsoever that Plaintiff made a mistake regarding the identity of the individual officers. Indeed, Plaintiff, via his counsel of record, admitted in a court proceeding before Judge Ellis that he did not make a mistake in naming the officers; rather he named unknown officers as a "placeholder". SOF ¶¶ 43, 45. In fact, Plaintiff's first attempt at identifying the officers was not until December 2016. SOF ¶ 43.

Including the placeholder of "Unknown Chicago Police Officers" does not save the day for Plaintiff. While the Supreme Court's ruling in *Krupski* has changed the way courts analyze the relation back doctrine under Rule 15(c)(1)(C), even post-*Krupski*, the Seventh Circuit has indicated that lack of knowledge does not constitute a mistake for purposes of Rule 15(c). *See e.g.*, *Gomez v. Randall*, 680 F.3d 859, 864 n.1 (7th Cir. 2012); *Santiago v. Anderson*, 496 Fed. Appx. 630, 631–32 (7th Cir. 2012) (unpublished); *Flournoy v. Schomig,* 418 Fed. Appx. 528, 532 (7th Cir. 2011) (unpublished) ("The untimely amendment would not 'relate back' to the date of his original complaint because Flournoy made no mistake; he simply lacked knowledge of the proper defendants.") (citing *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006)). The naming of a "John Doe" defendant "constitutes a change of parties within Rule 15(c), and the

newly named defendant sought to be substituted for 'John Doe' becomes a new party. To hold otherwise could have an unwarranted impact upon the salutary purposes of statutes of limitations." *Sassi v. Breier,* 584 F.2d 234, 235 (7th Cir. 1978); *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (complaint did not relate back where plaintiff lacked knowledge of proper party within limitations period).

Courts in this district have engaged in extensive post-*Krupski* analysis and held that lack of knowledge of the party's identity does not constitute a mistake within the purposes of Rule 15. *See e.g.*, *Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 725 (N.D. Ill. Aug. 2, 2016) (Kendall, J.) ("[Plaintiff] did not make the type of mistake of fact at issue in [*Krupski*]…. The only reason that Plaintiff did not name the individual officers in the original complaint was Plaintiff's lack of knowledge about their names, not a mistake concerning their identity."); *Plummer v. Welborn*, No. 13 C 8253, 2016 WL 2937029, at *2 (N.D. Ill. May 20, 2016) (Leinenweber, J.) ("The Seventh Circuit has held definitively that the designation of 'John Doe' defendants in a complaint will not toll the statute of limitations until a plaintiff can substitute a named defendant") (citing *Sassi,* 584 F.2d at 235); *Dandridge v. Cook County,* No. 12 C 5458, 2013 WL 3421834, at *5 (N.D. Ill. Jul. 8, 2013) (Dow, J.) (noting Plaintiff's lack of knowledge of the actual identity of the individuals was distinguishable from *Krupski,* where the Plaintiff conflated the identity of two defendants due to their roles in the case and relationship to one another, and finding relation back was, as a result, improper); *Vandenburgh v. Bannockburn Police Officer Robert Ogden*, No. 15 C 6191, 2016 WL 403663, at *3 (N.D. Ill. Jan. 18, 2011) (Ellis, J.) ("After *Krupski*, courts have continued not to allow relation back where the plaintiff lacked knowledge of the defendant's identity prior to the expiration of the statute of limitations."); *but see White v. City of Chicago*, 2016 WL 4270152, at *16–*18 (N.D. Ill. Aug. 15, 2016) (Durkin, J.). Here, it

is undisputed, admitted even, that Plaintiff did not make a mistake, he intended to name unknown officers as a placeholder. SOF ¶¶ 43, 45. The Seventh Circuit's precedent, which, as Judge Dow found, is consistent with *Krupski¸* should be adhered to: lack of any knowledge concerning the party's identity (verses a conflation or misunderstanding about the identity of the party) does not constitute a mistake for purposes of Rule 15(c). *Dandridge*, 2013 WL 3421834, at *5. Plaintiff's failure to name the unknown officers within the statute of limitations simply does not constitute a mistake and, therefore, does not— and cannot—relate back.

### iv. Defendant Officers are harmed by Plaintiff's deliberate lack of diligence in naming the Defendant Officers.

Defendant Officers are severely prejudiced by Plaintiff's undue delay because they are now forced to defend against claims that are nearly four years old. The statute of limitations exists for a purpose. Illinois courts have repeatedly explained that the purpose of a statute of limitations is not to shield a wrongdoer, but to discourage the presentation of stale claims and to encourage diligence in the bringing of actions. *Bank of Ravenswood v. City of Chicago*, 307 Ill. App. 3d 161, 167, 717 N.E.2d 478, 483 (1999) (citing *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 137, 334 N.E.2d 160 (1975)). Here, Plaintiff's lack of diligence in naming Defendant Officers would cause Defendant Officers to *begin* defending against claims that are nearly four years old. It would cause Defendant Officers to answer written discovery and sit for depositions regarding allegations from October of 2013. Defendant Officers would suffer extreme and irreparable prejudice having to answer for alleged actions that they may not recall from four years ago. Additionally, because of Plaintiff's delay in naming Defendant Officers, Defendant Officers are prejudiced in the discovery related to this case. Nearly four years after the incident, it will certainly be more difficult to identify and locate witnesses, and certain records and documents may not be available and retained.

Not only has Plaintiff's lack of diligence caused undue and irreparable prejudice to Defendant Officers, but the lack of diligence is inexplicable. Plaintiff does not even allege that he *attempted* to learn the identity of the Defendant Officers until December of 2016, over a year after the statute of limitations ran. SOF ¶¶ 43, 45. As Judge Ellis explained in her November 7, 2016 order (SOF ¶¶ 3–4), courts have equated the deliberate choice not to sue with the deliberate choice not to discover a defendant's identity. *See Fleece v. Volvo Constr. Equip. Korea, Ltd.*, No. 10 C 4496, 2012 WL 171329, at *4 (N.D. Ill. Jan 20, 2012) (Young, J.) ("Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired."); *Dandridge*, 2013 WL 3421834, at *4–5 (distinguishing *Krupski* and finding relation back improper where plaintiff filed complaint naming John Doe defendants immediately before statute of limitations ran on some of her claims). Judge Ellis explained in her opinion that the court would not reach the conclusion that Plaintiff was deliberate in his failure to name the officers without more information than the complaint alone. SOF ¶ 4 (citing *Karney v. City of Naperville,* 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016) (noting that the court could not determine from the pleadings whether the plaintiff had been diligent in seeking the defendant's identity, making a ruling on relation back premature)). At this juncture, the court does not need to make assumptions regarding Plaintiff's diligence in naming the officers, because the undisputed facts show that Plaintiff's first attempt at even identifying the officers was not until December of 2016. SOF ¶¶ 43, 45. Plaintiff admittedly failed to timely prosecute his case against Defendant Officers, and the consequence of his failure is an extreme prejudice to the Defendant Officers that is remedied by the applicable statutes of limitations.

Plaintiff made his bed and now he must lie in it: Plaintiff decided not take any action to discover the identities of the individuals he wished to name as defendants in his lawsuit for over one year's time *after* the expiration of the statute of limitations and Plaintiff decided, once he did know the names of these individuals, not to name them as defendants *for another four months*. Plaintiff's decisions prejudiced Defendant Officers and, for this reason, summary judgment should be entered in favor of Defendants and against Plaintiff on all claims.

### III. PLAINTIFF'S FAILS TO STATE A CLAIM FOR WHICH THE CITY OF CHICAGO COULD BE HELD LIABLE.

Because Plaintiff's claims against Defendant Officers fail, so must his claims against Defendant City. Plaintiff cites 745 ILCS 10/9-102 to support count VII of his Third Amended Complaint, claiming that Defendant City must indemnify the unknown officers for the injuries that they caused. *See* SOF ¶ 10. While this statute does direct public entities to pay the compensatory damages caused by their employees, who were acting within the scope of their employment, it is impossible to even reach an indemnity analysis in this case.

Additionally, Plaintiff does not allege a *Monell* policy or practice claim, and he does not bring any claims under state law. *See* SOF ¶ 10. Plaintiff cannot sustain his federal claims against the City alone under *respondeat superior*, as it is well established that a "municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Because, for the reasons stated in this memorandum and Defendants' motion for summary judgment, Defendant Officers are not liable in this case, neither is Defendant City. Therefore, this court should grant summary judgment in favor of Defendant City and dismiss Plaintiff's case in its entirety, with prejudice.

## CONCLUSION

For the reasons stated above, Defendant Officers Mionskowski, Lopez, and Melendez respectfully request summary judgment be entered in their favor on all claims and against Plaintiff and dismiss this action with prejudice.

Respectfully Submitted,

BY:   /s/ *Jessica L. Griff*
Jessica L. Griff
Assistant Corporation Counsel III

Kristin Pinkston, Assistant Corporation Counsel Supervisor
Mary Katherine McClelland, Assistant Corporation Counsel III
Federal Civil Rights Litigation Division
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.744.7630 || Jessica.Griff@cityofchicago.org
Atty. No.: 6309134

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2018, I have caused a true and correct copy of the above and foregoing **Defendants' Joint Memorandum of Law In Support Of Summary Judgment** to be served on Plaintiff's counsel of record, Jason Epstein, via the Court's CM/ECF system, which sends a true and correct electronic copy of all documents filed to all counsel of record.

                                               */s/ Mary Katherine McClelland*
                                               Mary Katherine McClelland
                                               Assistant Corporation Counsel III