IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 9762 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, R.L. | ) | |
| MIONSKOWSKI, H. LOPEZ, and | ) | |
| J. MELENDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

In his third amended complaint, plaintiff asserts 42 U.S.C. § 1983 claims against Chicago police officers R.L. Mionskowski, H. Lopez, and J. Melendez for their alleged violations of his Fourth and Fifth Amendment rights and a state-law claim for indemnification against the City. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts[1]

On November 1, 2015, plaintiff filed his original complaint against the City of Chicago and "unknown officers," asserting claims arising out of his October 31, 2013 arrest. (Compl., ECF 1.) On April 18, 2017, plaintiff filed his second amended complaint and, for the first time, named Officers Mionskowski, Lopez, and Melendez as defendants. (2d Am. Compl., ECF 65.) Defendants Mionskowski and Lopez first learned about this lawsuit in December 2016. (Defs.'

---

[1] Despite having ample opportunity to do so, plaintiff did not file a memorandum in response to defendants' motion or a response to their LR 56.1(a) Statement. Therefore, by operation of the Local Rule, plaintiff is deemed to have admitted all the well-supported facts defendants assert in their LR 56.1(a) Statement. *See* Local Rule 56.1(b)(3)(C).

LR 56.1(a) Stmt., ECF 127 ¶ 20.) Defendant Melendez first learned about this lawsuit on May 4, 2017. (*Id.* ¶ 30.) None of the defendants had any reason to know about the existence of the lawsuit until they received actual notice of it in December 2016 and May 2017, respectively. (*Id.* ¶¶ 21-28, 31-39.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Defendants contend that plaintiff's § 1983 claims are time-barred. The statute of limitations for § 1983 claims filed in Illinois is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Generally, "[a] § 1983 claim accrues 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993)). Plaintiff's section 1983 claims for excessive force, unlawful search, and Fifth Amendment retaliation accrued at the time the use of force, search, or retaliation occurred, in this case on October 31, 2013. (*See* 3d Am. Compl. ¶¶ 9-20); s*ee also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (stating that an excessive force claim "accrues immediately"). A section 1983 claim for false arrest accrues at the

time a probable cause determination is made, *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013), in this case, November 1, 2013. (*See* Defs.' LR 56.1(a) Stmt. ¶ 17.) Thus, plaintiff had until November 2, 2015[2] to timely file his § 1983 claims.

Plaintiff filed his original complaint, naming the City of Chicago and "unknown officers" as defendants, on November 1, 2015. He did not identify the officers by name until he filed his second amended complaint on April 18, 2017–more than three years after the events that gave rise to his claims. As a result, plaintiff's claims against the officers are timely only if they relate back to his original complaint.

According to Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading" if "the amendment changes the party or the naming of the party against whom a claim is asserted" and "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). It is undisputed that the individual defendants did not know or have any reason to know about this suit until well after the 120-day period for service had expired.[3] (*See* Defs.' LR 56.1(a) Stmt. ¶¶ 20-28, 30-39.)

In the wake of *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), the Seventh Circuit has made clear that:

> The only two inquiries that a district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if

---

[2] November 1, 2015 was a Sunday.
[3] In 2015, Rule 4(m) was amended to reduce the time for service from 120 days to 90 days.

3

so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555 (7th Cir. 2011). Because plaintiff fails at the first stage of inquiry, defendants are entitled to summary judgment. Analysis of any prejudice to the defendants is unnecessary. Additionally, while some courts continue to accept the distinction between "mistake" and "lack of knowledge" that had been applied (pre-*Krupski*) in the context of relation back under Rule 15(c), this case is governed by Judge Ellis's ruling in which she rejected the argument that plaintiff's lack of knowledge categorically cannot constitute a mistake for purposes of relation back. (11/17/16 Order, ECF 34 at 2.) Thus, we do not address the legal merits of defendants' lack of knowledge argument.

## Conclusion

Because the undisputed facts establish that plaintiff's claims against the individual defendants are time-barred, and the City's liability is derivative of that of the individual defendants, all defendants are entitled to summary judgment on plaintiff's claims. Accordingly, the Court grants defendants' motion for summary judgment [126] and terminates this case.

**SO ORDERED.**     **ENTERED:** July 26, 2018

_____
**M. David Weisman**
**United States Magistrate Judge**

4